**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**February 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

GIAN MARTINEZ-FERRATE; ANDRE
MARTINEZ-FERRATE; MARILYN
WESTENSKOW,

    Plaintiffs - Appellants,

and

ANGELA ROHR; LOUIS ROHR,

    Plaintiffs,

v.

STATE OF UTAH; OFFICE OF THE
LIEUTENANT GOVERNOR; DEIDRE
M. HENDERSON; SHELLY JACKSON;
RYAN COWLEY,

    Defendants - Appellees.

No. 25-4073
(D.C. No. 2:24-CV-00659-AMA)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **FEDERICO**, Circuit Judges.[**]
_____

_____

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.
    [**] The court initially set this matter on the oral argument calendar to be submitted on the briefs.  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs-Appellants Gian Martinez-Ferrate, Andre Martinez-Ferrate, and Marilyn (or Marylin) Westenskow were proposed presidential electors in Utah.[1] They appeal from the dismissal of their complaint against Defendants-Appellees — the State of Utah, the Office of the Lieutenant Governor, Lieutenant Governor Deidre M. Henderson, Deputy Director of Elections Shelly Jackson, and Director of Elections Ryan Cowley — for lack of standing. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## Background

In advance of the 2024 presidential election, Dr. Shiva Ayyadurai ("Dr. Shiva") submitted a declaration of candidacy[2] to be placed on Utah's ballot for President of the United States as an unaffiliated candidate. R. 84. Pursuant to Utah law, which requires unaffiliated candidates to name their presidential electors, Utah Code Ann. § 20A-13-301(1)(c) (LexisNexis 2025), Dr. Shiva named Plaintiffs and others as his electors, R. 51–52. To be added to the presidential ballot in Utah, candidates must attest that they meet the qualifications to be President, including that they are natural born citizens. U.S. Const. art. II, § 1, cl. 5; Utah Code Ann. §§ 20A-

---

[1] After filing this appeal, two of the original appellants, Angela Rohr and Louis Rohr, moved to withdraw as Plaintiffs-Appellants. App. Ct. Dkt. No. 28. The motion was granted and the other three Plaintiffs continue with this appeal. App. Ct. Dkt. No. 31.

[2] Defendants note that the correct term for this filing is a "certificate of nomination" and not a "declaration of candidacy" but that they are "functionally equivalent." Aplee. Br. at 6 n.4. The district court used the latter term, so we do the same. R. 177.

9-201(1)(b), -502(1)(a).  On his filing form, Dr. Shiva stated that he was a U.S. citizen but was born in India.  R. 103.

In July 2024, Utah's lieutenant governor, the state's chief elections official, id. at 83, disqualified Dr. Shiva from the ballot because he was not a natural born citizen and could not run for President, id. at 110.  Crystal Ellis, Dr. Shiva's running mate, then filed her candidacy for Vice President; the lieutenant governor rejected her filing because of Dr. Shiva's disqualification.  Id. at 105–06, 108.

In September 2024, proceeding under 42 U.S.C. § 1983, Plaintiffs filed their complaint for "unlawfully remov[ing]" them as electors from Utah's 2024 general election ballot.  Id. at 8–42.  They also moved to preliminarily enjoin Defendants from removing them as electors, raising similar claims.  Id. at 49–60.  Neither Dr. Shiva nor Ms. Ellis were parties to the suit or sought to intervene below.

In October 2024, the district court denied the motion for injunctive relief for lack of standing, finding that Plaintiffs failed to meet the injury in fact and redressability requirements.  Id. at 117–23.  The district court then issued a show cause order as to standing; after additional briefing, the district court dismissed the complaint for similar reasons.  Id. at 131, 176–82.

After filing their appeal, Plaintiffs filed a motion to add Dr. Shiva and Ms. Ellis as appellants, to which Defendants responded.  App. Ct. Dkt. No. 12; App. Ct. Dkt. No. 18.  That motion is also before us.

**Discussion**

We give pro se pleadings a mandated liberal construction. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). But while we may "make some allowances for the pro se plaintiff's failure to cite proper legal authority," we will not excuse a failure to follow rules of procedure or act as the party's advocate. Id. (citation modified); Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

We begin with the motion to add Dr. Shiva and Ms. Ellis as parties. No legal authority to support their motion is cited, which is required under the Federal Rules of Appellate Procedure. Fed. R. App. P. 27(a)(2)(A). Because Plaintiffs-Appellants have failed to comply with our procedural rules, we deny their motion. See Garrett, 425 F.3d at 840–41.

We turn now to the issue of standing. Article III limits the power of the federal courts to resolve only "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "For there to be a case or controversy under Article III, the plaintiff must have . . . standing." TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021). To establish standing, a plaintiff bears the burden of showing (1) an injury in fact, (2) that the injury was likely caused by the defendant, and (3) that the injury would likely be redressed by judicial relief. Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367, 380 (2024). At the pleading stage, "the plaintiff must clearly allege facts demonstrating each element" of standing. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (citation modified).

To establish an injury in fact, the plaintiff "must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 339 (citation modified). "The injury must affect the plaintiff in a personal and individual way and not be a generalized grievance." All. for Hippocratic Med., 602 U.S. at 381 (citation modified).

In their complaint, Plaintiffs argued that Defendants lacked authority to (1) remove Dr. Shiva and Ms. Ellis from the ballot because Utah voters cast votes for presidential electors rather than candidates, (2) remove Plaintiffs (the potential electors) from the ballot because Defendants did not notify them of the rejection of Dr. Shiva's or Ms. Ellis's candidacy, and (3) remove Plaintiffs from the ballot because they had no grounds to do so. R. 27–40. Underlying each of these arguments is the claim that electors, rather than candidates, are on the ballot. But that claim is inaccurate.

The Constitution delegates the process of selecting presidential electors to the states. U.S. Const. art. II, § 1, cl. 2. Accordingly, states have "far-reaching authority" over the appointment of electors. Chiafalo v. Washington, 591 U.S. 578, 588–89 (2020).

As stated above, Utah requires unaffiliated candidates to name their proposed presidential electors. Utah Code Ann. § 20A-13-301(1)(c) (LexisNexis 2025). Those electors then cast votes for President and Vice President of the United States. Id. § 20A-13-304; U.S. Const. amend. XII. Utah specifically excludes presidential

5

electors from its definition of "[c]andidates for elective office[.]" Utah Code Ann. § 20A-9-101(1)(a), (b)(ii). Thus, as the district court recognized, "a logical forerunner to the appointing of a presidential elector . . . is [a] . . . candidate for the office of president of the United States." R. 122. Dr. Shiva and Ms. Ellis were never candidates or on the ballot because the Lieutenant Governor rejected their declarations of candidacy. Id. at 108, 110.

Thus, Plaintiffs were not on the presidential ballot and had no right to be presidential electors. Moreover, neither Dr. Shiva nor Ms. Ellis are parties to the instant suit, and Plaintiffs have not shown that they have third-party standing to assert Dr. Shiva's or Ms. Ellis's rights. See Hill v. Warsewa, 947 F.3d 1305, 1309–10 (10th Cir. 2020). And to the extent that Plaintiffs allege that they were entitled to notice of Dr. Shiva's or Ms. Ellis's disqualifications, Utah law only requires notification to putative candidates — here, Dr. Shiva and Ms. Ellis. Utah Code Ann. § 20A-9-202(5)(a)–(c).

Plaintiffs have not clearly alleged facts sufficient to establish an injury in fact. Spokeo, 578 U.S. at 338. Therefore, they have no standing and our analysis need go no further. See Lupia v. Medicredit, Inc., 8 F.4th 1184, 1190 (10th Cir. 2021); Carpenter v. Vilsack, No. 22-8079, 2023 WL 6810960, at *8 n.13 (10th Cir. Oct. 16, 2023).

Accordingly, the district court's dismissal of the complaint is AFFIRMED.


Entered for the Court


Per Curiam